107 F.3d 878
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Leon PIZANTE, Debtor.
Juan HERNANDEZ, Appellant,
v.
Louis KRASS, personal representative of Leon Pizante,
* Appellee.
 No. 95-56512.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 12, 1996.**
Decided March 6, 1997.
 
 Before: PREGERSON, D.W. NELSON, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Juan Hernandez, a judgment creditor of Leon Pizante, appeals from the decision of the Bankruptcy Appellate Panel which affirmed the Bankruptcy Court's decision that collateral estoppel did not preclude examination of whether Pizante made certain transfers with fraudulent intent. Because the parties are familiar with the facts, we will not recite them here.
 
 
 3
 Proper use of collateral estoppel requires that the "party against whom the estoppel is asserted was a party to or in privity with a party in the first action." Durkin v. Shea & Gould, 92 F.3d 1510, 1516 (9th Cir.1996) (citation omitted). The party must have had "a full and fair opportunity to litigate," id., and the issue must have been "actually litigated and necessarily determined by a court," Davis & Cox v. Summa Corp., 751 F.2d 1507, 1518 (9th Cir.1985).
 
 
 4
 In this case, the bankruptcy court specifically found that Ms. Pizante was represented by separate counsel in the § 548 proceeding, and that Mr. Pizante did not "control the defense of that adversary proceeding." Moreover, it is not clear that the fraudulent intent issue was actually litigated in the § 548 proceeding in light of Ms. Pizante's default. This case is thus unlike In re Daily, 47 F.3d 365, 368 (9th Cir.1995), and In re Gottheiner, 703 F.2d 1136, 1140 (9th Cir.1983), where the defaulting party deliberately obstructed the proceedings.
 
 
 5
 Federal Rule of Civil Procedure 36 (as adopted by Bankruptcy rule 7036) counsels against giving admissions preclusive effect. It states that an "admission made by a party under this rule is for the purpose of the pending action only and is not an admission for any other purpose nor may it be used against the party in any other proceeding." Fed.R.Civ.P. 36.
 
 
 6
 Finally, Hernandez's argument that collateral estoppel should result from the judgment in the homestead exemption proceeding fails since the issue sought to be precluded was not necessary to the prior determination. The Bankruptcy Court's decision could have been rationally grounded upon an issue other than a fraudulent transfer.
 
 
 7
 AFFIRMED.
 
 
 
 *
 Pursuant to Fed.R.App.P. 43(a), and at the suggestion of appellant, Louis Krass is appointed as the late Leon Pizante's personal representative and is substituted for Pizante for the sole purpose of receiving this decision
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.Civ.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3